UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DAN HOWITT,                     )
        Plaintiff,              )
                                )       Civil Action
        v.                      )       No. 24-11991-PBS
                                )
LINDA LEVINE, et al.,           )
        Defendants.             )
```

**ORDER**

December 5, 2024

SARIS, D.J.

In response to the Court's November 12, 2024 Order[1], plaintiff Dan Howitt filed an amended complaint, a redacted copy of the amended complaint and a memorandum in support of motion to seal.  Dkt. Nos. 10 - 12.

The November 12, 2024 Order instructed plaintiff to file a motion and memorandum of law demonstrating good cause for sealing the case with a proposed redacted complaint.  Dkt. No. 6.  The Order explained that the Court will review the plaintiff's filings, the proposed redactions, and may accept, reject, or modify such proposed redactions.  Here, plaintiff filed a memorandum seeking to have the entire case sealed, or in

---

[1] Among other things, the Court allowed Howitt's motions for electronic filing privileges and for leave to proceed in forma pauperis and denied his motion to seal to the extent he seeks to have the entire case sealed. See Dkt. No. 6.  The Clerk was directed to issue summonses for service of the defendants.  Id.

the alternative, that the proposed redactions be accepted.  Dkt. No. 12.  Upon review, the Court finds that plaintiff has not demonstrated circumstances sufficient to overcome the strong presumption in favor of maintaining public access to court records.  However, the Court is persuaded that due to plaintiff's stated privacy concerns, certain personal information should not be made available to the public.  The Court will permit the filing of the redacted copy of plaintiff's amended complaint, Dkt. No. 11.

Because an unredacted version of the amended complaint, and memorandum were filed on the public docket, the Court will direct the Clerk to restrict electronic access to these two documents to a "case participant-only" basis.  Plaintiff is reminded that the process for having confidential information impounded or filed under seal is outlined in Local Rule 7.2.  Section 7.2(a) provides in pertinent part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court.  The impounded material will be scanned and docketed in CMECF and restricted from public access."

Accordingly, the Court directs the Clerk of Court to restrict electronic access to a "case participant-only" basis

for plaintiff's unredacted version of the amended complaint, Dkt. No. 10, and memorandum, Dkt. No. 12.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE